OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of the State of Ohio, filed May 25, 2006. On March 23, 2006, Larry Ray Hopson pled guilty to one count of domestic violence against his girlfriend, a felony of the fourth degree. On March 30, 2006, prior to *Page 2 
sentencing, Hopson filed a motion to withdraw his guilty plea, and the trial court granted the motion based upon our recent decision inState v. Ward, 166 Ohio App.3d 188, 849 N.E.2d 1076, 2006-Ohio-1407
(holding that the provision in the domestic violence statute, R.C.2919.25(F)(1)(a)(i), extending the protections of the statute to "a person living as a spouse," offends the Defense of Marriage Amendment to the Ohio Constitution, Section 11, Article XV, because it recognizes "a legal status for relationships of unmarried individuals that intends to approximate the * * * effect of a marriage.") Hopson then orally moved to dismiss the charge against him, and the trial court granted the motion to dismiss and released Hopson.
 {¶ 2} The State asserts one assignment of error as follows:
 {¶ 3} "THE TRIAL COURT ERRED IN DISMISSING THE INDICTMENT."
 {¶ 4} According to the State, a "change in the law that makes a voluntary guilty plea seem unwise in retrospect should not qualify as the reasonable and legitimate basis that permits a defendant to repudiate his judicial admission of guilt." Further, according to the State, "if the court had granted the motion to withdraw and stopped there, the State would have been able to prosecute Hopson for misdemeanor assault. Instead, without giving the State any time to respond to the oral motion Hopson made just moments before, the court dismissed the indictment, preventing the State from prosecuting him at all."
 {¶ 5} Hopson argues that "at worst, the felony dismissal might require a police officer to file a new complaint for misdemeanor assault." Hopsons also notes that the State did not request a continuance. "Further, the trial court did not journalize its decision until thirty-one (31) days after it was announced in court. No memorandum in opposition, motion to reconsider, or anything else was filed during that time. Finally, the trial court was never given an *Page 3 
opportunity to rule on the argument presented here."
 {¶ 6} Pursuant to Ward, the trial court correctly dismissed the indictment against Hopson. See State v. James, Montgomery App. No. 2005 CA 83, 2006-Ohio-3650 (affirming dismissal of domestic violence indictment pursuant to Ward.) We note that the judgment entry of dismissal contains no language of "with prejudice" and further nothing bars the State of Ohio from pursuing a misdemeanor complaint for assault.
 WOLFF, PJ. and FAIN, J., concur. *Page 1